# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT WORKMAN | ) | |
|     Petitioner | ) | Civil Action No. 09-2 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| SUPERINTENDENT FOLINO, et al., | ) | |
|     Respondents. | ) | |
| | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

Petitioner, Robert Workman, is serving a judgment of sentence imposed by the Court of Common Pleas of Erie County at Criminal Docket No. 1279 of 1987. He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 attacking that judgment of sentence. [ECF No. 6]. The petition is at least the third habeas petition that he has filed with this Court in which he challenges that judgment of sentence. Because he did not receive from the United States Court of Appeals for the Third Circuit an order authorizing this Court to consider this successive petition, as required by 28 U.S.C. § 2244(b)(3)(A), it is recommend that the petition be dismissed for lack of jurisdiction and that a certificate of appealability be denied.

### II.    REPORT

In 1987, following a trial in the Court of Common Pleas of Erie County, Petitioner was found guilty of unlawful restraint, terroristic threats, corruption of minors, recklessly endangering another person, indecent assault, indecent exposure, and possessing instruments of crime. He was sentenced to a term of incarceration of 22 to 44 years. Through counsel, Petitioner filed a notice of appeal to the

1

Superior Court of Pennsylvania. The Superior Court dismissed Petitioner's appeal without prejudice to his rights under the Post Conviction Hearing Act ("PCHA") due to his failure to file a brief. (The PCHA has since been substantially amended and is now titled the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.).

Petitioner filed a *pro se* PCHA motion on May 25, 1988, which was amended through newly-appointed counsel on June 30, 1988. The Common Pleas Court denied the motion on August 26, 1988. On May 10, 1989, the Superior Court affirmed. The Supreme Court of Pennsylvania denied a Petition for Allocator in October 1989. Almost eleven years later, on August 7, 2000, Petitioner filed a *pro se* post-conviction motion under the PCRA. On August 28, 2000, the Common Pleas Court issued an Order denying Petitioner's motion because it was untimely. Petitioner did not appeal.

On or about December 11, 2000, Petitioner filed with this Court a *pro se* petition for writ of habeas corpus in which he challenged the state judgment of sentence imposed at Criminal Docket No. 1279 of 1987. That petition was docketed as Workman v. Superintendent Wilson, et al., Civil Action No. 00-333 (Johnstown). On October 12, 2003, this Court dismissed the petition as untimely under the applicable statute of limitations, which is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d).

On or around September 20, 2007, Petitioner filed with this Court at least his second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. That petition was docketed as Workman v. Warden, SCI Greene *et al*., Civil Action No. 07-146 (Erie). In that petition, he again challenged the state judgment of sentence imposed at Criminal Docket No. 1279 of 1987. The petition was denied because it was second or successive under 28 U.S.C. § 2244(b)(3)(A), and therefore this Court lacked jurisdiction over it. The Third Circuit Court denied Petitioner's subsequent request for a certificate of

appealability.  See Order dated June 30, 2009 in Workman v. Warden, SCI Greene *et al*., No. 09-1700 (3d Cir.). [1]

In this present habeas action, Petitioner once again challenges the state judgment of sentence imposed at Criminal Docket No. 1279 of 1987.

### B.   Discussion

Because this petition is at least the third federal habeas corpus petition that Petitioner has filed in which he challenges his judgment of sentence at Criminal Docket No. 1279 of 1987, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision AEDPA.  In pertinent part, AEDPA mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition.  28 U.S.C. §2244(b)(3)(A).  Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2).  See U.S.C. §2244(b)(3)(C).  AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings.  Burton v. Stewart, 549 U.S. 147 (2007)

A review of the computerized dockets of the Third Circuit Court establishes that Petitioner has neither sought nor received from it permission to file a second or successive petition.  Therefore, the

---

[1]   In addition to the above-cited actions, on or around March 22, 1993, Petitioner filed with this Court a *pro se* petition for writ of habeas corpus that was docketed as Workman v. Beard, Civil Action No. 93-70 (Erie).  That case was closed on December 6, 1994.  The electronic docket sheet for that case does not reflect what judgment of sentence Petitioner was challenging in that proceeding.

3

instant habeas petition must be dismissed because this Court lacks jurisdiction. Burton, 549 U.S. at 152-54.

### C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a successive petition. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

Dated: December 13, 2010    /s/ Susan Paradise Baxter
               SUSAN PARADISE BAXTER
               United States Magistrate Judge


cc:  The Honorable Sean J. McLaughlin
    United States District Judge